NO SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAULA DAVISE,

                Plaintiff,

     -against-

TARGET CORPORATION,

                Defendant.

**NOTICE OF REMOVAL**

CV 14 - 420

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Target Corporation ("Defendant"), by and through its attorneys, Littler Mendelson, P.C., files this Notice of Removal with respect to the case identified as *Paula Davise v. Target Corporation.,* Index No. 21933-2013, from the Supreme Court of the State of New York, Kings County.  In support of this Notice, Defendant states as follows:

**TIMELINESS OF REMOVAL**

1.    On or about December 20, 2013, plaintiff Paula Davise ("Plaintiff") filed a verified complaint (the "Complaint") with the clerk of the Supreme Court of the State of New York, County of Kings.  A true and correct copy of the Complaint is annexed hereto as Exhibit "A"

2.    Defendant was first served with the Summons and Complaint via mail on December 30, 2013.

3.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because such notice is filed within thirty (30) days after first notice by Defendant of Plaintiff's state court action.

## REMOVAL BASED ON DIVERSITY JURISDICTION

4.      A civil action may be removed based on diversity jurisdiction.  28 U.S.C. §§ 1332(a) and 1441(b).

5.      This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6.      Plaintiff is a resident and citizen of the State of New York.  (*See* Compl., ¶ 1.)

7.      Defendant is not a citizen of the State of New York within the meaning of 28 U.S.C. § 1332(c)(1).  Defendant is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

8.      As part of her Complaint, Plaintiff has alleged compensatory damages $90,000.00, and seeks additional further relief deemed "just and proper", (Compl., "Wherefore" clause).  The amount in controversy therefore meets the jurisdictional threshold set forth in 28 U.S.C. § 1332(a).

9.      As demonstrated above, removal is proper under 28 U.S.C. 1332 and 1441(b) (diversity jurisdiction).  Accordingly, this case is a civil action that may be removed from the Supreme Court of the State of New York, County of Kings, to this Court, pursuant to 28 U.S.C. § 1441.

10.      This action is properly removed to this Court because it is the District Court for the district and division embracing the place where the action is pending.  28 U.S.C. §§ 1441(a), 1446(a).

11.      Annexed hereto at Exhibit "B" is a copy of the Notice to State Court of Filing Notice of Removal, the original of which will be filed in the Supreme Court of the State of New

York, Kings County, in accordance with 28 U.S.C. § 1446(d).

12. Annexed hereto at Exhibit "C" is a copy of the Notice to Adverse Party of Filing Notice of Removal, the original of which will be served on Plaintiff in accordance with 28 U.S.C. § 1446(a).

WHEREFORE, Defendant Target Corporation respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Supreme Court of New York, County of Kings, to the United States District Court for the Eastern District of New York.

Dated: January 21, 2014
New York, New York

Anjanette Cabrera
Hema Chatlani
LITTLER MENDELSON
    A Professional Corporation
900 Third Avenue
New York, New York 10022
212.583.9600

*Attorneys for Defendant
Target Corporation*

## CERTIFICATE OF SERVICE

I, Hema Chatlani, hereby certify that on January 21, 2014, I caused the within

Notice of Removal to be filed via hand delivery to the United States District Court for the

Eastern District of New York and a copy of the within pleading to be served via Federal

Express, overnight delivery, upon:

Paula Davise, *Pro Se*
1618 Carroll Street
Brooklyn, New York 11213
718-313-6532

_____
Hema Chatlani

A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
Paula Davise

                    Plaintiff,

      -against-

TARGET CORPORATION

                    Defendants,
---------------------------------------------------------------X

Index #: 21933/13

Date Summons Filed: 12/20/13

**SUMMONS**

Plaintiff's Residence:
1618 Carroll Street
Brooklyn, N.Y. 11213

Plaintiff designates the above
County as the place of trial.
Basis of venue is plaintiff's
residence.
**PLAINTIFF DEMANDS
TRIAL BY JURY**

TO THE ABOVE NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED to appear in the Supreme Court of

the City of The City of New York, County of Kings, before the Clerk of said Court

located at 360 Adams Street, Brooklyn, N.Y. 11201, in the County of Kings, City and

State of New York,   within the time provided by law as noted below and to file your

answer to the annexed complaint with the Clerk; upon your failure to answer, judgment

will be taken against you for the sum of $90,000.00, together with cost of this action, for

harassment, abuse of authority resulting in undue mental and emotional stress,

management and supervisory staff abuse of the Plaintiff's own work place policies.

Dated: Brooklyn, New York
      December 9th, 2013

2013 DEC 20 PM 2:21

RECEIVED
KINGS COUNTY CLERK

Paula Davise (Pro-Se)
1618 Carroll Street
Brooklyn, N.Y. 11213
Tel # (718)313-6532

NOTICE: The nature of this action is for harassment, emotional and physical damage

caused to Plaintiff due to Defendant's supervisory, managerial, and Human Resource

staff's abuse of its own employee work place policies. The relief sought is compensatory

and punitive.

NOTE: The law provides that:

(a) If the summons is served by its delivery to you personally within the City of

New York, you must appear and answer within TWENTY days after such service; or

(b) if this summons is served by delivery to any person other than you personally,

or is served outside the City of New York, or by publication, or by any means other than

personal delivery to you within the City of New York, you are allowed THIRTY days

after the proof of service thereof is filed with the Clerk of this Court within which to

appear and answer.

( c ) Where a defendant appears by an attorney, a copy of his answer shall be

served upon be served upon the plaintiff's attorney, or upon the plaintiff if the plaintiff

appears in person, at or before the time of filing the original answer with proof of service

thereof.

**IMPORTANT!! YOU ARE BEING SUED!!**
**THIS IS A COURT PAPER - A SUMMONS**
**DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF**
**YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED). IF YOU DO NOT**
**BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE**
**TAKEN AND YOUR CREDIT RATING CAN BE HURT!! IF YOU CAN'T PAY**
**FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT**

**AWAY.  THE CLERK WILL HELP YOU!!**

To:  TARGET CORPORATION
       1000 Nicollet Mall
       Minneapolis, MN 55403
       (612)304-6073

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------- X
Paula Davise

                                                    Index #:

                        Plaintiff,


                                        **VERIFIED COMPLAINT**

        -against-


TARGET CORPORATION



                              Defendants,
----------------------------------------------------------------X

-----------------------------------------------------------------------------------------------

        Plaintiff, Paula Davise, complaining of the above named defendants,

alleges:

        1. Plaintiff resides at 1618 Carroll Street, Brooklyn, New York 11213.

        2.      At all times hereinafter mentioned, Defendant TARGET

CORPORATION is an international retail merchandise corporation, engaged in the retail

;sale of merchandise such as clothing, electronics, and groceries, etc.  Herein after

mentioned defendant TARGET CORPORATON ("defendant TARGET") has a corporate

head quarters located at 1000 Nicollet Mall, Minneapolis, MN 55403.

                        **BACKGROUND**
            **AS AND FOR A FIRST CAUSE OF ACTION**
    **MANAGERIALSURVISORY STAFF VIOLATING STORE and COMPANY**
                            **POLICIES**

        3.  Plaintiff has been employed by the Defendant since September 26th,

2006.  For the  major duration of said employment, Plaintiff have had to contend with

biased, harassing actions on the part of some of the supervisory and managerial staff, as well as dereliction of duty by one Human Resources employee. To wit, section disclosed in the Defendant's workplace policy regarding harassment, (pg 8), has been continuously overlooked and ignored by some of the managerial and supervisory staff, all to the undue stress and harassment of the affected employees, for the rapacious ends of the aforementioned abusers.

4. Pursuant to the Defendant's company policies, the types of prohibited conduct included, but are not limited to: (b) <u>Inappropriate conduct by or toward anyone, including a leader, co-worker, vendor or guest;</u> (c ) <u>Inappropriate conduct, such as threats of harm to Target or anyone connected with Target, intimidating behavior or remarks, violence or the threat of violence or stalking;</u> (d) <u>Inappropriate conduct via any form of communication, including by telephone or voice mail, the Internet/intranet (including by social media sites such as Facebook and Twitter), electronic messaging systems (e.g., e-mail, text and instant messaging) and /or using any company-owned equipment or systems.</u>

5. I have had to endure numerous acts of disciplinary procedures, all with on credible basis other than the manage/team leader/supervisor, saw reason to reprimand me with no legitimate justification. To wit, I have been counseled on my work performance, when my work performance was on par with what was required of me, where the reason cited would be that my candor to my team leader was not received well, and as such I should be written up or be given a verbal as a result of said perceived insolence. To accurately address and disclose said reprimands, will require discovery herein to bring fourth every documented verbal and written reprimand to ascertain the dates that every alleged incident occurred.

6.   This course of action is imperative to illuminate the abuse of power exhibited by the managerial and supervisory staff *supra,* as the records reflecting any recorded act of subordination and alleged misconduct by me, is kept by said staff and upon my information and belief by the Defendant's corporate staff.

7.   Prior to the procurement of this instant action, this Plaintiff attempted to prevent an act of wrongful termination by the Defendant, by writing to the Defendant to give disclosure of history of abuse and harassment this Plaintiff has had to endure, *see Exhibit A.*   However, there was no reply to said notification.   The paramount reason for this course of action, to circumvent the usual course and channels of lodging complaints was due to the fact that the very source, Human Resources, was also seemingly collusive in ignoring all complaints and concerns raised to them, allowing for an atmosphere ignorance to employee grievances, valid or invalid, while emboldening the perpetrating to act with impunity.

8.   The fear of retaliation was the driving force to quell any employee's intention to complain if they feel that they were being harassed or abused, as the fear of loosing one's job was enough to silence any desire to communicate any managerial and supervisory staff abuse to Human Resources.   Human Resources actions were consistent with that of an agency who used intimidation and prejudice to quiet any dissention.

9.   The most poignant act of distress against the Plaintiff, occurred, as indicated in Exhibit A, when former Team Leader, Miss Bridgette McCloud's sister came to the Plaintiff's job on September 21st, 2008, with the intent of causing physical harm to the Plaintiff, as a result of a rental situation which went sour, after the Plaintiff evicted the daughter of Miss McCloud's sister from her, the Plaintiff's apartment.

10.   The series of uncouf and uncivilized actions on the part of Miss McCloud and her sister was documented by the Plaintiff, as well as the police report the Plaintiff was forced to file, after being in fear for her life during the aforementioned incident on September 21st, 2008, *see Exhibit B.*

11.   The Plaintiff is unclear and frankly unaware of the amount of written reprimands against her, as she was not consulted to sign documents and give her side of the complaint.  Thus with every form of disciplinary action being done in an arbitrary and capricious manner, it is no surprise to the Plaintiff that there now exist at this present time a final write up for actions of which she did not do, as described by her new Team Leader.

12.   The latest aforementioned write up is obviously a prelude to an actual termination of the plaintiff's employment by the Defendant, and the abuse of the "AT WILL" employment doctrine to which the Defendant holds firm is the basis upon which these discriminatory actions would be sanctioned by the Defendant.

13.   Again, as stated above, there is no discretion practiced by the referenced managerial and supervisory staff.   There actions to manipulate the time schedules for the Plaintiff, in order to antagonize her and coerce her into damaging her employment status is an elementary act of abuse, which is not seeming apparent, if scrutiny and unbiased viewpoint is not utilized in looking into these acts of discipline.

14.   With no response to the first letter of communication to the Defendant, regarding the harassing conditions at her job, prompted the Plaintiff to send a second letter to the Defendant, *see Exhibit C,* in hopes of getting some form of a forum to address these issues before her impending termination.

15.   Subsequently, there was communication made to the Plaintiff by a Mr. Paul Palazzo, of Human Resources, to attempt to quell the Plaintiff's claims and pacify the actions reported in her letters.   Mr. Palazzo, was not at all receptive to the Plaintiff's request to have an open forum with whom she had accused of misconduct, in order to engender a fair and impartial mediation of the issues.

16.   Mr. Palazzo resisted any request for a fair hearing with the Plaintiff and whom she accused, only opting to pandenticly treat the Plaintiff with a demeanor of cynicism and disregard, as if she was fabricating her claims she expressed over the phone. The end result of Mr. Palazzo's actions was to notify the Plaintiff via a letter, *see Exhibit D*, which stated, that as far as he and the defendant herein was concerned, her, the Plaintiff's grievances were addressed and resolved.  This was the case without the Plaintiff having any knowledge of what was said by the individuals whom she had accused of abuse and harassment.

17.   Hence, the imputes for the procurement of this instant action was given to the Plaintiff, where she is adamant that this forum is apparently the only forum she can seek redress to the aforementioned acts of harassment and employer abuse.

18.   The Plaintiff's health and well being has been greatly affected for the duration of her aforementioned abuse, and the fact that there exist an impending termination of her job , due to the unwarranted final write up now in play, has resulted in her wondering how her being made redundant by the Plaintiff, will dramatically affect her ability to sustain her home and personal financial responsibilities.

**WHEREFORE,** Plaintiff seeks a judgment for damages for harassment,

mental and physical abuse as outlined in the Complaint herein in the sum of $90,000.

Also for any further relief this Honorable court deems just and proper.

Dated: Brooklyn, New York
      December 9th, 2013

Yours etc.
Paula Davise
(Pro-Se)
1618 Carroll Street
Brooklyn, N.Y. 11213
Tel (718)313-6532

# V E R I F I C A T I O N

STATE OF NEW YORK    )

                       .: ss

COUNTY OF KINGS     )

       **Paula Davise**, being duly sworn deposes and says:

       I am one of the parties named Plaintiff in the above entitled action.  I have read the foregoing Summons and Verified Complaint and know the contents thereof.  The material allegations are within the personal knowledge of the deponent. The information disclosed are from the books and personal records of the deponent. The same are true, except for those matters stated to be upon information and belief and as to those matters I believe them to be true.

                                   Paula Davise (Pro-Se)

Sworn to before me this
9th day of December, 2013

Notary Public

KEISHA HENDERSON
Notary Public, State of New York
No. 01HE6048224
Qualified in King County
Commission Expires Sep. 25, 20

**EXHIBIT A**

**Paula Davise**
**1618 Carroll Street**
**Brooklyn, N.Y. 11213**
**Tel # (718)313-6532**

October 11th ,2013

To: TARGET CORPORATE HEADQUARTES
1000 Nicollet Mall
Minneapolis, MN 55403
(612)304-6073

<u>**Re:**</u>   <u>**Employment Discrimination, Harassement, and abuse of the "AT WILL"**</u>
<u>**doctrine**</u>

To Whom It May Concern,

I am sending this letter to inform you of the many untenable conditions of which I have
had to contend with from some of my superiors, for the duration of my employment at
your company.  The necessity and imputes for sending you this letter notification, is due to
the proliferation of the aforementioned abusive actions on the part of some of my
supervisors, which have now precipitated to this point where I am now facing an
impending termination and dismissal.  At the core of these unfair, rapacious actions against
me is my former supervisor and team leader, Miss Bridgette McCloud, who is now a
senior team leader.  My store # is 1849, and I have worked at this location since
September 26th, 2006.  My position is overnight flow team member, I have always
attempted to perform my duties and task with the utmost diligence and with the
knowledge that I am apart of a team, whose primary goal should be professionalism and
an absolute adherence to productivity for the store.  My acquaintance with Miss mc Cloud
was one of a professional nature, but also of and extended personal nature, as I had rented
a room in my apartment to Miss Mc Clouds young niece.  This endeavor would sour and
upon her vacatur of the room, Miss McCloud's niece left some of her possessions in the
room.  Said possessions were left for an inordinate amount of time, and when Miss Mc

Cloud's niece returned to retrieve her possession, she was combative and disrespectful. This occurrence was received seemingly negative by Miss Mc Cloud, as she expressed her displeasure with my decisions and proceeded to use her position at the job to manipulate my time schedules and made my designated task at the job unburden some.   A short time thereafter, I was mortified when Miss Mc Cloud's sister, and the mother of her niece, who I had rented the room to arrived at the store to confront me and proceeded to physically threaten me to an extent where the police had to be called, I have kept a copy of the police report, which I was compelled to file for fear of a reoccurrence of that verbal assault, or worse.  It is worth noting that at the time of the aforementioned verbal assault, Miss Mc Cloud was at work and on duty, and privy to the actions of her relative, but failed to aid in defusing the situation.

My life at work was severely affected by this incident and Miss McCloud's actions thereafter.   The Human Resources representative at the time was Mr. Fy Yacoob, however, throughout the entire ordeal, and for the duration of my employment, I have not been treated with any impartiality by Human Resources.  Instead, I Have been treaded with discrimination of my position and indignation for being expressive to the unfair treatment I was receiving.  It appeared to me that due to the fact that both Miss Mc Cloud and Mr. Yacoob were in positions of authority, they colluded in their maltreatment of me, and this mindset is affirmed, due to the fact that it was Miss Mc Cloud's relative who was the aggressor in the in store confrontation mentioned above.

I have also had to contend with verbal assaults and threats from Miss Mc Cloud outside of the store, which I was forced to record one of her tirades for my safety.  I have also  have had to contend with my daughter having to deal with Miss McCloud's daughter, visiting my home to have a social meeting with my daughter on a few occasions, even though I have and had instructed my daughter to not leave our home, or to have anyone enter in my absence.

I have had numerous reprimands for claims unsubstantiated and only given credence due to the authority of the reporter, namely Miss McCloud and her managerial colleagues, all leading up to my current and Executive Team Leader Miss Latrice.  Miss Mc Cloud's vendetta against me has resulted in undue stress at the job, which has affected my health

and has led to me having to seek medical attention for the stress conditions.  Through it all I have remained dedicated to my job, even when my work hours were diminished to almost nothing.  I have not been treated fairly by Human Resources, in that I was never afforded a forum to have my side of any counseling or reprimand be heard.  Instead I have had to watch as the managerial staff, steadily create a paper trail and false reasoning for my impending termination.  The abuse of the "AT WILL" doctrine is the veil under which these actions against me have been perpetrated.  Now, I have had to contend with my job position being jeopardy , due to Miss Latrice, my current and Executive Team Leader imposing a seeming death knell to my employment, by giving me a final write up for an incident which did not occur.  Any objections I have presented, or voiced, is seemingly rendered irrelevant and moot, as the final decision on any dispute or claim against me is to arbitrarily treat me as guilty with no credible rebuttal to all claims made by my higher-ups.  These actions against me have created an aura where I am treated with abject indifference by some employees as well.

My termination will be unjust and an abuse of the " AT WILL" doctrine, behind which my supervisors, team leaders, Human Resources representative, and managerial staff, seemingly feel they can execute with impunity.  I urge your response to this dilemma, and prevent and put a stop to the abuse, harassment and employment discrimination tactics now plaguing your store.  Thank you for you anticipated response.

Respectfully,



UNITED STATES
POSTAL SERVICE®

Certificate Of Mailing

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing
This form may be used for domestic and international mail.

From: Paula Dawson
1619 Carroll Street
Brooklyn, NY 11213

To: TARGET CORPORATE HEADQUARTERS
1000 Nicollet Mall
Minneapolis, MN 55403

PS Form 3817, April 2007 PSN 7530-02-000-9065

EXHIBIT B

Complaint# 2008-088-04567



# New York City Police Department
## Omniform System - Complaints

| Report Cmd: 088 | Jurisdiction: N.Y. POLICE DEPT | Record Status: Final, No Arrests | | Complaint #: 2008-088-04567 |
|---|---|---|---|---|

**Occurrence INSIDE OF 139 FLATBUSH Location: AVENUE**
Name Of Premise: TARGET
Premises Type: CHAIN STORE
Location Within Premise: .
Visible By Patrol?: NO

Precinct: 088
Sector: E
Beat:
Post: 1

**Occurrence From: 2008-09-21 12:50 SUNDAY**
Occurrence thru: 2008-09-21    13:10
Reported: 2008-09-21    13:20
Complaint Received: RADIO

Aided #
Accident #
O.C.C.B. #

**Classification: HARASSMENT**
Attempted/Completed: COMPLETED
Most Serious Offense is: VIOLATION
PD Code: 638  HARASSMENT,SUBD 3
PL Section: 24026
Keycode: 578  HARASSMENT 2

**Case Status: CLOSED**
Unit Referred To:
Clearance Code: PATROL
Log/Case #: 0
File #: 51
Prints Requested? NO

| Is This Related To Stop And Frisk Report NO | SQF Number: 0000-000-00000 | Was The Victim's Personal Information Taken Or Possessed? NO | Was The Victim's Personal Information Used To Commit A Crime? NO |
|---|---|---|---|
| Gang Related? NO | OCCB FOD Log #: | Name Of Gang: | Child Abuse Suspected? NO |
| DIR Required? NO | | Child In Common? | Intimate Relationship? |

| If Burglary: | Alarm: | If Arson: | Taxi Robbery: |
|---|---|---|---|
| Forced Entry? | Bypassed? | Structure: | Partition Present: |
| Structure: | Comp Responded?: | Occupied?: | Amber Stress Light Activated: |
| Entry Method: | Company Name/Phone: | Damage by: | Method of Conveyance: |
| Entry Location: | Crime Prevention Survey Requested?: | | Location of Pickup: |
| | Complaint/Reporter Present?: | | |

| Supervisor On Scene - Rank / Name / Command : | Canvas Conducted: NO | Translator(if used): |
|---|---|---|

**NARRATIVE:**
AT T/P/O C/V STATES THAT UNKNOWN PERP APPROACHED HER AT HER PLACE OF EMPLOYMENT AND THREATENED HER BY CALLING HER NAME AND REQUESTING MONEY FROM C/V. C/V ALSO STATED THAT PERP TOLD HER IF SHE DOESN'T GET HER MONEY SHE'LL HAVE TO PAY FOR IT IN A DIFFERENT WAY. (NOT REFERRING TO ANY SEXUAL INNUENDOS.)

**No NYC TRANSIT Data for Complaint # 2008-088-04567**

| Total Victims: 1 | Total Witnesses: 0 | Total Reporters: 0 | Total Wanted: 1 |
|---|---|---|---|

| *VICTIM: # 1 of 1* | Name: DAVISE,PAULA | | Complaint#: 2008-088-04567 |
|---|---|---|---|
| | Nick/AKA/Maiden: | Gang/Crew Affiliation: | |

Complaint# 2008-088-04567                                                Page 2 of 3

| | Name: |
|---|---|
| UMOS: NO | Identifiers: |
| Sex/Type: FEMALE | |
| Race: BLACK | |
| Age: 35 | |
| Date Of Birth: 12/30/1972 | Will View Photo: |
| Disabled? NO | Will Prosecute: |
| Is this person not Proficient in English?: NO | Notified Of Crime Victim Comp. Law: NO |
| If Yes, indicate Language: | |
| N.Y.C.H.A Resident? NO | |
| Is Victim fearful for their safety / life? | |
| Escalating violence / abuse by suspect? | |
| Were prior DIR's prepared for C/V? | |

| LOCATION | ADDRESS | CITY | STATE/COUNTRY | ZIP | APT/ROOM |
|---|---|---|---|---|---|
| BUSINESS | 139 FLATBUSH AVENUE | BROOKLYN NEW YORK | | 11217 | |
| HOME-PERMANENT | 1618 CARROLL STREET | BROOKLYN NEW YORK | | 11213 | 1STFL |

| Phone #: BUSINESS ████████ | |
|---|---|
| Action against Victim: | Actions Of Victim Prior To Incident: WORKING |
| Victim Of Similar Incident: | If Yes, When And Where |

| WANTED: # 1 of 1 | Name: UNKNOWN, MARIE | Complaint#: 2008-088-04567 |
|---|---|---|

| Nick/AKA/Maiden: | | Height: 5FT9IN | Order Of Protection: NO |
|---|---|---|---|
| | Sex: FEMALE | Weight: 170 | Issuing Court: |
| | Race: BLACK | Eye Color: BROWN | Docket #: |
| | Age ████ | Hair Color: BLACK | Expiration Date: |
| | Date Of Birth: UNKNOWN | Hair Length: SHORT | Order of Protection Violated? |
| | U.S. Citizen: YES | Hair Style: PROCESSED | Does Suspect abuse Drugs / Alcohol? |
| | Place Of Birth: USA | Skin Tone: MEDIUM | Suspect threatened /attempted suicide? |
| Is this person not Proficient in English?: | | Complexion: CLEAR | Is the suspect Parole / Probation? |
| If Yes, indicate Language: | | | Relation to Victim: FRIEND/ACQUAINTANCE |
| | Accent: NO | S.S. #: 0 | Living together: NO |
| | | | Can be Identified: YES |

| Gang/Crew Affiliation: |
|---|
| Name: |
| Identifiers: |

| LOCATION | ADDRESS | CITY | STATE/COUNTRY | ZIP | APT/ROOM | HOW LONG? | RES. PCT |
|---|---|---|---|---|---|---|---|
| HOME-PERMANENT | | | | | | | |

| Phone #: | |
|---|---|
| N.Y.C.H.A. Resident: | N.Y.C. Housing Employee:  On Duty: |
| Development: | N.Y.C. Transit Employee: |

| Physical Force: NONE |
|---|

| Weapons: |
|---|

| | Gun: | | |
|---|---|---|---|
| Weapon Used/Possessed: NONE | Make: | Recovered: | |
| Non-Firearm Weapon: | Caliber: | Serial Number Defaced: | |
| Other Weapon Description: | Color: | Serial Number: | |
| | Type: | | |

██████████████████████████████████████████████████████████████████████ 10/31/2013

Complaint# 2008-088-04567                                                    Page 3 of 3



| | |
|---|---|
| Other/Gun Specify: | |
| Discharged: | NO |

| | |
|---|---|
| Used Transit System: | |
| Station Entered: | |
| Time Entered: | |
| Metro Card Type: | |
| Metro Card Used/Poses: | |
| Card #: | |

| CRIME DATA | DETAILS |
|---|---|
| STATEMENTS MADE | GET MY MONEY OR I'M GONING TO BUMBOCLOT FUCK YOU UP |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | ACCESSORIES -JEANS -BLUE |
| CLOTHING | FOOTWEAR -SANDALS -BROWN |
| CLOTHING | OUTERWEAR -T-SHIRT OR TANK TOP -BLACK |
| CLOTHING | HEADGEAR -UNK -UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

**No IMEI Data for Complaint # 2008-088-04567**

| | Tax #: | Command: | Rep.Agency: |
|---|---|---|---|
| Reporting/Investigating M.O.S. Name:<br>POF ALLEN AYNE | | 088 PCT | NYPD |
| Supervisor Approving Name:<br>SGT JACKSON SANDRA | | 088 PCT | NYPD |
| Complaint Report Entered By:<br>PAA POPE | | 088 PCT | NYPD |
| Signoff Supervisor Name:<br>SGT SANABRIA | | 088 PCT | NYPD |

**END OF COMPLAINT REPORT**
**# 2008-088-04567**

Print this Report

**EXHIBIT   C**

**Paula Davise**
**1618 Carroll Street**
**Brooklyn, N.Y. 11213**
**Tel # (718)313-6532**

October 25th ,2013

To: TARGET CORPORATE HEADQUARTES
1000 Nicollet Mall
Minneapolis, MN 55403
(612)304-6073

Re:    Employment Discrimination, Harassment, and abuse of the "AT WILL"
doctrine
Notice of Intent

To Whom It May Concern,

I am sending this letter as a follow up to my recent letter sent to you regarding the untenable working standards treatment I have had to endure for some time at my employment at target store # 1849. I am currently working under the threat of impending termination, after a final write up was executed against me by my Executive team leader Miss Bridgette. As with other forms of reprimands I have received over the duration of my employment, I was treated with bias and not afforded the fairness of having my rebuttal or defense to any claim against me heard or recorded. I have indicated in my recent letter to you that the genesis of these issues stemmed from the personal disdain for me by my prior team leader Miss Bridgette McCloud, who is now a senior team leader. I also disclosed that the reason for Miss McCloud's dislike for me was due to the fact that I had rented a room to her niece and after her leaving the room, she left possessions which became a bone of contention prior and after she retrieved said possessions. I was also subject to a verbal and potential physical assault at the my job by Miss McCloud's sister who is the mother of the niece whom I had had rented the room to. Subsequently, I have had to endure these unfair and harassing episodes of mistreat at the job, where it seems that some of Miss McCloud's colleugues were collusive in engendering the manner of

treatment to me. I am once again pleading with whom it may concern and who is authorized to address these issues before I am wrongfully terminated under the guise of utilizing the "At Will" doctrine governing my employment. Thank you for your anticipated help and cooperation in this matter. Thank you.

Respectfully,



**EXHIBIT D**

November 22nd, 2013

Paula Davise
1618 Carroll Street
Brooklyn, NY 11213

Dear Paula,

Based on the information provided in your letter to Target Headquarters dated October 11th, 2013 we have looked into your concerns and they have been addressed in accordance to Target policies and procedures. Additionally, the corrective action that you recently received on 9/16/13 for Disorderly Conduct was found to be in accordance to Target guidelines and will be upheld. It is Target's Mission to be the workplace and shopping destination of choice and to further that goal we welcome all feedback from our Team Members and Guests.

Thank you,

Paul Palazzo
Human Resources
Target Corporation

Jesse Dause
1616 Carroll Street
Brooklyn, N.Y. 11213

FIRST CLASS

5-
3/55

TARGET CORPORATION
1000 Nicollette Mall
Minneapolis, MN 55403

FIRST CLASS

FIRST CLASS

CERTIFIED MAIL

7004 2510 0002 0303 3783



UNITED STATES
POSTAL SERVICE

1000

55403

U.S. POSTAGE
PAID
BROOKLYN, NY
DEC 30 '13
AMOUNT
$7.57
00067646-14





SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

PAULA DAVISE,                                          Index No. 21933/2013

                            Plaintiff,

                                                      **NOTICE TO STATE COURT OF**
            -against-                                  **FILING OF NOTICE OF**
                                                      **REMOVAL**
TARGET CORPORATION,

                            Defendant.

TO:   Clerk of the Court
      Supreme Court of the State of New York
      County of Kings
      360 Adams Street, Rm. 189
      Brooklyn, New York 11201

      **PLEASE TAKE NOTICE** that, on this 21st day of January, 2014, Defendant in

the above-captioned action filed a Notice of Removal with the United States District

Court for the Eastern District of New York, and served a Notice to Adverse Party of

Filing of Notice of Removal.  A copy of the Notice of Removal is annexed hereto at

Exhibit "A".  A copy of the Notice to Adverse Party of Filing of Notice of Removal is

annexed hereto at Exhibit "B".

Date:   January 21, 2014
        New York, New York

                                    Anjanette Cabrera
                                    Hema Chatlani
                                    LITTLER MENDELSON
                                      A Professional Corporation
                                    900 Third Avenue
                                    New York, New York 10022
                                    212.583.9600

                                    *Attorneys for Defendant*
                                    *Target Corporation*

## CERTIFICATE OF SERVICE

I, Hema Chatlani, hereby certify that on January 21, 2014, I caused the within

Notice to State Court of Filing of Notice of Removal via hand delivery to the Supreme

Court of the State of New York County of Kings, upon:

Clerk of the Court
Supreme Court of the State of New York
County of Kings
360 Adams Street, Rm. 189
Brooklyn, New York 11201

Hema Chatlani



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

PAULA DAVISE,

               Plaintiff,

    -against-

TARGET CORPORATION,

               Defendant.

---

Index No. 21933/2013

**NOTICE TO ADVERSE PARTY OF**
**FILING OF NOTICE OF REMOVAL**

To:    Paula Davise, *Pro Se*
        1618 Carroll Street
        Brooklyn, New York 11213
        718-313-6532

       **PLEASE TAKE NOTICE** that, on this 21st day of January, 2014, Defendant in the

above-captioned action filed a Notice of Removal with the United States District Court for the

Eastern District of New York.  A copy of the Notice of Removal is annexed hereto.

Date:    January 21, 2014
         New York, New York

                      Anjanette Cabrera
                      Hema Chatlani
                      LITTLER MENDELSON
                        A Professional Corporation
                      900 Third Avenue
                      New York, New York  10022
                      212.583.9600

                      *Attorneys for Defendant*
                      *Target Corporation*

**CERTIFICATE OF SERVICE**

I, Hema Chatlani, hereby certify that on January 21, 2014, I caused the within

Notice of Adverse Party of Filing of Notice of Removal to be served via Federal Express,

overnight delivery, upon:

Paula Davise, *Pro Se*
1618 Carroll Street
Brooklyn, New York 11213
718-313-6532

_____
Hema Chatlani