FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 1 1 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAULA DAVISE,

        Plaintiff,

– against –

TARGET CORPORATION,

        Defendant.

**MEMORANDUM, ORDER, AND JUDGMENT**

14-CV-420

**Appearances:**

    For Plaintiff:
        Paula Davise
        PRO SE

    For Defendant:
        Anjanette Cabrera
        Hema Chatlani
        Littler Mendelson, P.C.
        900 3rd Ave.
        New York, NY 10022

**JACK B. WEINSTEIN, Senior United States District Judge:**

Table of Contents

I. Introduction ............................................................................................................................2
II. Facts ....................................................................................................................................2
III. Law......................................................................................................................................3
   A. Standard of Review on a Motion to Dismiss ................................................................3
   B. Discrimination................................................................................................................4
   C. Hostile Work Environment Claim .................................................................................4
   D. Intentional Infliction of Emotional Distress ..................................................................4
   E. At-Will Employment .....................................................................................................5
IV. Application of Law to Facts................................................................................................5
   A. Hostile Work Environment............................................................................................5
   B. Discrimination................................................................................................................6



    C.      Intentional Infliction of Emotional Distress ...................................................................6
    D.      At-Will Employment ......................................................................................................6
V.   Conclusion.............................................................................................................................7

## I. Introduction

Plaintiff Paula Davise, pro se, sues her employer, Target Corporation, for: (1) discrimination; (2) hostile work environment; (3) violation of at-will employment; and (4) intentional infliction of emotional distress.

Defendants move to dismiss for failure to state a claim. For the reasons stated below, defendant's motion to dismiss is granted.

## II. Facts

Plaintiff is an at at-will employee at Target. *Pl.'s Compl.* ¶ 1, 12. In 2008, she and her former team leader, Bridgette McCloud, were involved in a personal dispute. Plaintiff rented a room in her apartment to McCloud's niece; the niece moved out after the "rental situation . . . went sour." *See Pl.'s Compl.* ¶ 9. This upset McCloud, who used her position at Target to manipulate plaintiff's time schedules. *Id.*, ¶ 13. McCloud's sister, who is not a Target employee, physically threatened plaintiff at the workplace. *Id.*, ¶ 9.

In addition to the dispute with the McCloud family, plaintiff has received unjustified write-ups from her current team leader. *Id.*, ¶ 11. Plaintiff requested a hearing from Target's Human Resources Department to challenge these reports, but her request was denied. *Id.*, ¶ 15-16.

Plaintiff seeks relief because: (1) she was subject to harassment; (2) disciplinary actions were brought against her for no legitimate reason; (3) she was not granted a hearing by defendant; and (4) her health has suffered as a result. *Id.*, ¶ 5, 9, 16, 18.

## III. Law

### A. Standard of Review on a Motion to Dismiss

In deciding a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, well-pleaded facts are accepted as true and considered in the light most favorable to the non-moving party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *see also Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). To withstand a Rule 12(b) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Whether a complaint states a plausible claim to relief "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

A pro se plaintiff's pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *Edwards v. New York State Unified Court Sys.*, 2012 WL 6101984 (S.D.N.Y. Nov. 20, 2012). The submissions of a pro se litigant should be interpreted liberally to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir.2006). Nevertheless, even a pro se complaint will be dismissed for failing to meet minimum pleading standards. *Crawford v. Lutheran Med. Ctr.*, 2011 WL 887806 (E.D.N.Y. Mar. 14, 2011).

### B. Discrimination

To establish a prima facie case of statutorily proscribed discrimination, a plaintiff must show that: (1) she was within the protected category; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

An adverse employment action is a "materially adverse change in the terms and conditions of employment." *Weeks v. New York State (Div. of Parole)*, 273 F.3d 76, 85 (2d Cir. 2001). To be materially adverse, it must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Sanders v. N.Y. City Human Resources Administration*, 361 F.3d 749, 755 (2d Cir. 2004).

### C. Hostile Work Environment Claim

To prevail on a claim of hostile work environment, a plaintiff must show that the conduct was based on a protected category. *See Redd v. New York Div. of Parole*, 678 F.3d 166 (2d Cir. 2012) (citing *Oncale v. Sundowner Offshore Services*, 523 U.S. 75, 80 (1998)). A plaintiff must also establish that: (1) "the harassment was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,'" and (2) "a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997); *see Oncale*, 523 U.S. at 78 (1998); *Kotcher v. Rosa and Sullivan Appliance Center, Inc.*, 957 F.2d 59, 63 (2d Cir. 1992).

### D. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, plaintiff must allege: "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial

probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Harrington v. Pinkerton's Inc.*, 39 F. App'x 655, 656 (2d Cir. 2002). The conduct must be "so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Stuto v. Fleishman,* 164 F.3d 820, 827 (2d Cir.1999).

### E. At-Will Employment

In New York, at-will employment may be terminated by either party at any time for any lawful reason. *See Baron v. Port Auth. of N.Y. & N.J.*, 271 F.3d 81, 85, 89 (2d Cir. 2001) (citing *Murphy v. Am. Home Products Corp.*, 58 N.Y.2d 293, 305 (1983)). Wrongful discharge is not a cause of action in New York. *See Trakis v. Manhattanville Coll.*, 51 A.D.3d 778, 780-1 (2d Dep't 2008) ("There is no requirement that the employee be discharged in good faith. . . . There is no recognized tort of wrongful discharge in New York.").

There is no constitutionally protected property interest in at-will employment. *See Baron*, 271 F.3d at 89; *Traki,* 51 A.D.3d at 781 (2008).

## IV. Application of Law to Facts

### A. Hostile Work Environment

Plaintiff does not allege that that she was subject to a hostile work environment because of her membership in a protected category. Rather, her complaint is based on a personal dispute with her supervisor. The claim for a hostile work environment is dismissed. *See, e.g., Brown v. Henderson,* 257 F.3d 246, 252 (2d Cir. 2001) ("[H]ostile environment . . . is actionable under Title VII only when it occurs because of an employee's . . . protected characteristic.").

### B. Discrimination

Absent is any allegation that defendant acted for a discriminatory reason. No claim is made under any constitutional provision or federal statute. *See, e.g., Patane v. Clark*, 508 F.3d 106 (2d. Cir. 2007) (discrimination claim must allege discrimination because of a protected category). In addition, a change to plaintiff's work schedule is not a materially adverse employment action. *See Aspilaire v. Wyeth Pharmaceuticals, Inc.*, 612 F.Supp.2d 289, 304 (S.D.N.Y. 2009).

### C. Intentional Infliction of Emotional Distress

Target's alleged actions—changing plaintiff's schedule, filing disciplinary letters, and denying a hearing—do not rise to the level of extreme and outrageous conduct in context. *See Ortiz v. Standard & Poor's*, 2011 WL 4056901 (S.D.N.Y. Aug. 29, 2011) ("Because plaintiff does not plausibly demonstrate that he was subject to any discriminatory conduct or workplace harassment, he does not meet the more exacting standard for IIED claims."); *Meadows v. Planet Aid, Inc.*, 676 F. Supp. 2d 83, 99 (E.D.N.Y. 2009) ("[W]rongful discharge of an at-will employee, even if 'abusive,' does not qualify as 'extreme and outrageous conduct.'") (citing *Murphy v. Am. Home Products Corp.*, 58 N.Y.2d 293, 298 (1983)). There are no grounds for a claim of intentional infliction of emotional distress.

### D. At-Will Employment

Plaintiff alleges that her employer did not provide a hearing where she could challenge her disciplinary record. *See* Pl.'s Compl., ¶ 15-16. There is no constitutional right to a grievance hearing for an at-will employmee. *See Baron v. Port Auth. of N.Y. & N.J.*, 271 F.3d 81, 85, 89 (2d Cir. 2001) ("Plaintiffs' procedural due process claims fail because at-will employment is not

a constitutionally protected property interest. Thus, procedural due process protections are not triggered.").

This claim is dismissed.

V. **Conclusion**

Defendant's motion to dismiss is granted. No costs or disbursements are awarded.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: June 9, 2014
Brooklyn, New York